UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| CSC Leasing Co., *Plaintiff*, v. Equivalent Financial, LLC, *Defendant.* | Civil Action No. _____ |

**VERIFIED COMPLAINT**

Plaintiff CSC Leasing Company ("CSC"), through counsel, files this Verified Complaint against Defendant Equivalent Financial, LLC ("Equivalent" or the "Defendant"). In support, CSC states as follows:

**PRELIMINARY STATEMENT**

1. CSC leased various items of equipment to Equivalent pursuant to a master lease agreement and corresponding lease schedules. Equivalent has failed to pay to CSC the regular rental amounts due and owing for that equipment. As of the filing of this Complaint, Equivalent owes to CSC past due rent in the amount of $736,069.68—including taxes but excluding legal fees and other costs of collection—and prospective, basic rent due over the remaining terms of the respective lease schedules in the amount of $592,274.00.[1]

---

[1] CSC has invoiced Equivalent for rent due through February 2021; prospective rent includes rent due in March 2021 and forward. The prospective rent of $592,274.00 excludes associated taxes. Schedule A expired in May 2020 by its original term and renews in accordance with the Master Lease.

James K. Donaldson, Esq. (VSB No. 80307)
LimNexus LLP
1050 Connecticut Avenue NW, Suite 500
Washington, DC 20036
(213) 955-9500 (telephone)
(213) 955-9511 (facsimile)
jed.donaldson@limnexus.com
*Counsel to CSC Leasing Co.*

## PARTIES

2. Plaintiff CSC is a corporation organized under the laws of the Commonwealth of Virginia, with its principal place of business located at 6802 Paragon Place, Suite 350, Richmond, Virginia 23230.

3. Defendant Equivalent is a limited liability company organized under the laws of the State of Delaware. Equivalent's principal place of business is located at 202 NW 150th Avenue, Suite 301, Pembroke Pines, Florida 33028.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because (i) the amount in controversy exceeds $75,000.00, excluding interest, costs, and fees; and (ii) the action is between citizens of different states.

5. The Court has personal jurisdiction over Equivalent pursuant to Virginia Code § 8.01-328.1 because Equivalent transacted business in the Commonwealth of Virginia, committed the acts complained of in the Commonwealth of Virginia, and caused injury to CSC in the Commonwealth of Virginia.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) because a substantial portion of the events and omissions giving rise to CSC's claims and causes of action occurred in this District.

7. Also, the Master Lease, defined below, provides that the "sole and exclusive jurisdiction for any legal action, suit, or proceedings arising out of [the] Master Lease . . . shall be a state or federal court of competent jurisdiction for the County of Henrico, Virginia . . ." (**Exhibit 1**, at 14.)

# FACTS

### A. The Master Lease

8. On January 25, 2017, CSC, as lessor, and Equivalent, as lessee, executed that certain Master Equipment Lease Agreement No. 17004 (the "Master Lease"). (**Exhibit 1**, attached hereto, is a true and accurate copy of the Master Lease.)

9. The Master Lease provides the governing and controlling terms as to each Schedule, defined below, and the Leased Equipment, defined below.

10. The Master Lease provides that Virginia law shall control as to any disputes. (**Ex. 1**, at 14–15.)

11. The Master Lease provides that CSC is the sole and exclusive owner of the Leased Equipment, defined below. (**Ex. 1**, at 4.)

12. Pursuant to § 4(b) of the Master Lease, Equivalent must pay for the personal property taxes assessed on the Leased Equipment, which taxes are to be filed by CSC. (**Ex. 1**, at 3–4).

13. Section 5 of the Master Lease authorizes CSC, or its agent, with "free access to the Equipment . . . for the purpose of inspection and for any other purpose contemplated in [the] master Lease." (**Ex. 1**, at 4.)

14. Section 11(a) of the Master Lease provides that "[t]he failure to pay the Basic Rental or other monies due upon their due date and within five (5) days after receipt of written notice from" CSC is an event of default. (**Ex. 1**, at 8.)

### B. The Equipment Schedules & Certificates

15. Currently, pursuant to the Master Lease, Equivalent and CSC have executed Schedules A, B, C, D, F, G, H, I, and J (collectively, the "Schedules"; each, a "Schedule").

(**Exhibit 2**, attached hereto, is a true and accurate copy of each of the Schedules.)

16. Each Schedule details and itemizes equipment owned by CSC and leased to Equivalent, including the description, quantity, manufacturer, model number, and serial number for the respective equipment (collectively, across all Schedules, the "Leased Equipment").

17. In addition to describing the Leased Equipment, each Schedule provides the dollar amount of the Basic Rental, as defined therein, to be paid by Equivalent to CSC and the term, interval, and duration of the Basic Rental to be paid by Equivalent to CSC, as well as late fees.

18. Further, each Schedule sets forth the location at which the Leased Equipment was delivered.

19. Each Schedule "incorporate[s] by reference all terms and conditions of this Master Lease except as provided herein together with such other terms or amendments, which may be specified in such Schedule, and together with this Master Lease, each Schedule shall individually constitute the lease (Lease) for the Equipment specified in such Schedule." (**Ex. 1**, at 2.)

20. As to each Schedule, Equivalent executed a corresponding acceptance certificate (collectively, the "Acceptance Certificates"; each, an "Acceptance Certificate"). (**Exhibit 3**, attached hereto, is a true and accurate copy of each Acceptance Certificate.)

21. In each Acceptance Certificate, Equivalent certified that the Leased Equipment (a) had been "inspected by authorized representatives of [Equivalent], (ii) installed and place in good working order, and (iii) accepted by [Equivalent] for leasing under all provision[s] of the [Master] Lease; and (b) that [Equivalent] is obligated to pay the rental and all other sums provided for in the [Master] Lease . . ." (**Ex. 3**, at 1.)

**C. Equivalent's Defaults**

22. As of the filing of this Compalint, the past due sum owed to CSC under the

Schedules equals $736,069.68, comprised of: (i) basic rent and taxes on the basic rent of $716,385.59; and (ii) 2020 past due personal property taxes of $19,684.09.

23. On March 26, 2020, CSC, through counsel, sent to Equivalent a notice of default and cure rights (the "<u>Default Notice</u>"). (**<u>Exhibit 4</u>**, attached hereto, is a true and accurate copy of the Default Notice.)

24. As of March 26, 2020, Equivalent owed to CSC past due rent not less than $120,604.50.

25. Equivalent failed to cure the defaults stated in the Default Notice.

26. Under the terms of the Master Lease, in the event of default by Equivalent, CSC is entitled to take remedial actions, including, without limitation, accelerating the amount due to CSC under the Lease as set out in each Schedule and taking immediate possession of CSC's Leased Equipment and removing it from Equivalent's facility. (**<u>Ex. 1</u>** at 10–11.)

27. On September 24, 2020, CSC, through counsel, sent to Equivalent a notice of acceleration (the "<u>Acceleration Notice</u>"), which, due to Equivalent's failure to cure outstanding defaults, gave notice of CSC's acceleration of the full amount due under the Master Lease and Schedules. (**<u>Exhibit 5</u>**, attached hereto, is a true and accurate copy of the Acceleration Notice.)

28. The Acceleration Notice states that, as of September 24, 2020, Equivalent owes to CSC not less than $1,333,463.61, comprised of past due indebtedness and prospective rent, among other amounts.

29. To date, Equivalent has failed to cure the defaults stated in the Default Notice and the Acceleration Notice.

30. Equivalent is therefore in default under the terms of the Master Lease, including, without limitation, § 11(a) of the Master Lease.

31. As of the filing of this Complaint, Equivalent has not tendered any amounts or funds sufficient to cure the late payments due under the Master Lease and Schedules.

32. As of the filing of this Complaint, the past due amount due and owing to CSC from Equivalent is $736,069.68, excluding costs, fees, and other expenses incurred in connection with collection.

33. As of the filing of this Complaint, the accelerated amount of prospective rent ("Prospective Rent") due and owing to CSC from Equivalent is $592,274.00, excluding costs, fees, and other expenses incurred in connection with collection.

34. CSC has invoiced Equivalent for rent due and owing through February 2021; accordingly, the Prospective Rent due is for March 2021 through the respective, remaining terms of the Schedules; as well as Schedule A, which has expired but renews in accordance with the terms of the Master Lease.

35. CSC estimates personal property tax obligations of approximately $19,000.00 will be due in 2021 across all Schedules, which amount Equivalent is also liable to CSC under the terms of the Master Lease.

36. Through January 2021, CSC had incurred $6,360.75 in costs, reasonable attorneys' fees, and expenses in connection with collection efforts and protecting its interests in the Leased Equipment.

37. The total amount of due and owing from Equivalent is $1,353,704.43, excluding prejudgment interest, and including 2021 estimated personal property taxes of $19,000.00.

38. That total sum of $1,353,704.43 excludes the value of the Leased Equipment.

39. These allegations and amounts are attested to in the Affidavit, attached hereto.

## CAUSES OF ACTION

### COUNT I – BREACH OF CONTRACT

40. Plaintiff CSC incorporates by reference, as though fully restated herein, each of the allegations stated at paragraphs 1 through 39, above.

41. The Master Lease, the Schedules, and the Acceptance Certificates, by and between CSC and Equivalent were duly executed, and those documents comprise a valid contract between CSC and Equivalent providing for, without limitation, the timely payment of the amounts due under each Schedule.

42. Equivalent has materially breached the Master Lease and Schedules through the series of unlawful acts and omissions described in this Complaint, including, without limitation, the payment defaults described above.

43. Equivalent's breaches of the Master Lease and Schedules are the direct and proximate cause of damages to, and harm sustained by, CSC.

44. CSC therefore seeks a judgment against Equivalent, for unpaid rent, related taxes, finance charges, estimated personal property taxes, Prospective Rent, and legal fees in the amount of $1,353,704.43, *plus* prejudgment interest from March 26, 2020 until the date of judgment, post-judgment interest, fees, and costs, including reasonable attorneys' fees incurred in filing this lawsuit.

## COUNT II – DETINUE

45. Plaintiff CSC incorporates by reference, as though fully restated herein, each of the allegations stated at paragraphs 1 through 44, above.

46. Title for the Leased Equipment did not pass at any time to Equivalent, and the Leased Equipment remains the sole property of CSC. (**Ex. 1**, at 4.)

47. CSC is entitled to immediate possession of the Leased Equipment because Equivalent is in default, as provided by the terms of the Master Lease. (**Ex. 1** at 10–11.)

48. The Leased Equipment is identifiable and has value.

49. Equivalent took possession of the Leased Equipment as indicated by the Acceptance Certificates.

50. Equivalent continues to retain the Leased Equipment, which is currently being depreciated and dissipated without payment to CSC.

51. CSC, therefore, seeks a judgment against Equivalent for immediate and exclusive possession of the Leased Equipment.

## COUNT III – INJUNCTIVE RELIEF

52. Plaintiff CSC incorporates by reference, as though fully restated herein, each of the allegations stated at paragraphs 1 through 51, above.

53. CSC seeks an order authorizing, directing, and compelling Equivalent to provide to CSC, including its agents, representatives, and contractors, prompt access to the Leased Equipment so that CSC may remove the Leased Equipment, which costs of repossession shall be the responsibility of Equivalent.

54. Alternatively, CSC seeks an order directing and compelling Equivalent to deliver, at Equivalent's sole cost and expense, the Leased Equipment to CSC at a location of CSC's choosing.

## RESERVATION OF RIGHTS

55. CSC reserves all rights, claims, and defenses as to Equivalent, as well as its insiders, owners, principals, members, affiliates, and/or subsidiaries. Nothing herein shall be construed as a waiver of, or otherwise prejudice, CSC rights, claims, and defenses as to Equivalent and Equivalent's directors, officers, shareholders, and employees; the Leased Equipment; and/or any other individual or entity, including, without limitation, CSC's right to amend this Complaint and seek additional relief based on any additional facts that may become known after the filing of this Complaint.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff CSC requests that the Court enter an order:

A. Granting judgment in CSC's favor and awarding an amount to be proven at trial, but not less than $1,353,704.43, which is comprised of (i) $736,069.68 in past due rent and taxes; (ii) $592,274.00 in prospective rent and taxes; (iv) $19,000.00 in 2021 estimated personal property taxes; and (iv) $6,360.75 in legal fees and expenses;

B. Awarding prejudgment and post-judgment interest;

C. Awarding to CSC the costs, expenses, and fees incurred by CSC in pursuing this action, including, without limitation, reasonably attorneys' fees;

D. Directing Equivalent to return to CSC, or its duly authorized agent, the Leased Equipment at the sole cost and expense of Equivalent;

E. Directing Equivalent to provide to CSC, including its agents and contractors, prompt access to the Leased Equipment so that CSC may remove the Leased Equipment;

F. Providing such further relief that the Court deems proper.

DATED: March 3, 2021          CSC LEASING CO.

/s/ James Donaldson
James K. Donaldson, Esq. (VSB No. 80307)
LimNexus LLP
1050 Connecticut Avenue NW, Suite 500
(213) 955-9500 (telephone)
(213) 955-9511 (facsimile)
jed.donaldson@limnexus.com

*Counsel for CSC Leasing Co.*